IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PETER JOSHUA LABRECK,

                Plaintiff,

v.

1625 COUNTY HWY. C RHINELANDER, WI 54501,
JENNIFER F. AYERS (Deceased), THOMAS H. AYERS
(Deceased), NATIONSTAR MORTGAGE LLC, and
ANY AND ALL PERSONS CLAIMING ANY LEGAL
RIGHT OR EQUITABLE RIGHT, TITLE, ESTATE,
LIEN, OR INTEREST IN THE REAL PROPERTY
COMMONLY KNOWN AS 1625 COUNTY HWY. C
RHINELANDER, WI 54501 ADVERSE TO
PLAINITFF'S TITLE, OR ANY CLOUD ON
PLAINTIFF'S TITLE,

                Defendants.

ORDER

17-cv-680-jdp

---

        Pro se plaintiff and prisoner Peter Joshua Labreck has filed a complaint regarding a piece of real property in Rhinelander, Wisconsin. He alleges that Jennifer Ayers and Thomas Ayers agreed to "transfer [that property] to Plaintiff upon the death of either" of them, that both Jennifer and Thomas died in March 2015, and that defendant Nationstar Mortgage LLC is planning to auction the property without his consent. Dkt.1, ¶ 7. Accompanying the complaint is an "emergency motion for injunction." Dkt. 4. Because LaBreck does not state that he served his motion, I am construing it as a motion for a temporary restraining order. In the motion, Labreck asks the court to "block the sale [of the property] until all ownership and lien issues are resolved." *Id.* at 4. I will deny the motion for the reasons stated below.

        Under Rule 65(b)(1) of the Federal Rules of Civil Procedure, a party may not obtain a temporary restraining order unless "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before

the adverse party can be heard in opposition." Also, this court requires parties seeking injunctive relief to follow certain procedures, which include submitting a statement of proposed facts and any supporting evidence. I have attached those procedures to this order.

Labreck has not complied with any of these requirements. As an initial matter, he does not explain why he waited more than two years to assert his rights to the property. Regardless, he did not submit any evidence showing that he owns the property at issue, that Nationstar does not have the right to sell the property, or even that a sale of the property is imminent. He says nothing in his complaint or motion about the date the sale is supposed to occur. Although the complaint and motion are dated July 20, 2017, the envelope containing those documents is postmarked August 28, 2017, so it is possible that the sale has already occurred.

Even if I assume that Labreck has an interest in the property and that a sale is imminent, he has not shown irreparable harm. Labreck is incarcerated in Michigan and has never lived in the house, so any improper sale could be remedied with damages. In short, Labreck has not shown that he is entitled to preliminary injunctive relief.

ORDER

IT IS ORDERED that:

1. Plaintiff Peter Joshua Labreck's "motion for injunction," Dkt. 4, is DENIED.

2. The court will screen Labreck's complaint in accordance with 28 U.S.C. § 1915(e)(2) in a separate order.

Entered September 6, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge