IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PETER JOSHUA LABRECK,

                    Plaintiff,

          v.

1625 COUNTY HWY. C RHINELANDER, WI 54501,
JENNIFER F. AYERS (Deceased), THOMAS H. AYERS
(Deceased), NATIONSTAR MORTGAGE LLC, and          OPINION & ORDER
ANY AND ALL PERSONS CLAIMING ANY LEGAL
RIGHT OR EQUITABLE RIGHT, TITLE, ESTATE,              17-cv-680-jdp
LIEN, OR INTEREST IN THE REAL PROPERTY
COMMONLY KNOWN AS 1625 COUNTY HWY. C
RHINELANDER, WI 54501 ADVERSE TO
PLAINTIFF'S TITLE, OR ANY CLOUD ON
PLAINTIFF'S TITLE,

                    Defendants.

Pro se plaintiff and prisoner Peter Joshua LaBreck has filed a complaint regarding a piece of real property in Rhinelander, Wisconsin. He alleges that Jennifer Ayers and Thomas Ayers agreed to "transfer [that property] to Plaintiff upon the death of either" of them, that both Jennifer and Thomas died in March 2015 and failed to leave the property to him, and that defendant Nationstar Mortgage LLC is planning to auction the property without his consent. Dkt. 1, ¶ 7.

This is one of many federal lawsuits that LaBreck has filed on his own behalf over the last few years. He has filed the lawsuits in a variety of courts on a variety of issues, including other property disputes. None of them have been successful (though two others are pending) and courts dismissed some of them for LaBreck's failure to prosecute.[1]

---

[1] *E.g., LaBreck v. Bank of America, N.A.*, No. 17-cv-15 (D. Del.) (alleging that defendant reported false information about his mortgages); *LaBreck v. Bayview Loan Servicing,* No. 16-cv-24971

This case is before the court for screening under 28 U.S.C. § 1915(e)(2) and § 1915A. Because it is clear from the face of the complaint that LaBreck is not entitled to relief, I will dismiss the case.

As an initial matter, LaBreck hasn't shown that the court can exercise jurisdiction over his case. He cites the statutes granting jurisdiction in cases arising under federal law, 28 U.S.C. § 1331, and cases involving diversity of citizenship between the plaintiff and defendants, 28 U.S.C. § 1332, but it is clear that § 1331 does not apply and it appears that § 1332 doesn't apply either.

As to § 1331, LaBreck says that "defendants" violated his rights under the Constitution and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. But LaBreck cannot sue private parties for constitutional violations under the facts alleged in his complaint, *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982), and he doesn't identify any violations of the FDCPA. Because LaBreck has no plausible federal claims, he cannot rely on § 1331 as a basis for jurisdiction.

As to § 1332, LaBreck says that he is incarcerated in Michigan, but "[a] prisoner is a citizen of the state of which he was a citizen before he was sent to prison unless he plans to live elsewhere when he gets out, in which event it should be that state." *Bontkowski v. Smith*,

---

(S.D. Fla. Jan. 31, 2017) (dismissing claims under Fair Credit Reporting Act); *LaBreck v. Citadel Investment Group, Inc.*, 15-cv-11912 (E.D. Mich. June 7, 2016) (dismissing for failure to prosecute claim that defendants filed fraudulent liens on his home); *LaBreck v. Sabaugh*, No. 15-cv-13303 (E.D. Mich. Oct. 14, 2015) (dismissing claim that defendants violated his rights by denying his requests to change his name); *LaBreck v, Aaron's Rental*, No. 14-cv-10247 (E.D. Mich. Apr. 20, 2015) (dismissing for failure to prosecute claim that defendants denied credit application because of his race); *LaBreck v. Esposito*, No. 11-cv-11328 (E.D. Mich. Oct. 31, 2013) (dismissing claims that several individuals, business entities, and government officials engaged in a conspiracy to unlawfully seize his home and other property); *LaBreck v. U.S. Dept. of Treasury*, No. 11-cv-10155 (E.D. Mich. Feb. 12, 2013) (dismissing FOIA claim).

305 F.3d 757, 763 (7th Cir. 2002) (internal quotations omitted). LaBreck doesn't say where he lived before his incarceration, but he does say that he plans on residing in *Wisconsin* after his release. Dkt. 4. at 2. Because LaBreck is suing other defendants with Wisconsin citizenship, there is no diversity.[2] It is even unclear whether there is diversity between LaBreck and Nationstar. LaBreck lists a Texas address for Nationstar, but the citizenship of a limited liability company like Nationstar is the citizenship of its members. *Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix and von Gontard*, 385 F.3d 737, 738 (7th Cir. 2004). LaBreck does not identify the names of the members or their states of citizenship.

There is another potential jurisdictional problem as well. Even when the requirements for diversity jurisdiction are otherwise satisfied, that type of jurisdiction has a "probate exception," which "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 310–11 (2006). LaBreck is bringing a claim about the disposition of property in the estate, so *Marshall* would apply if probate proceedings are pending. It is less clear whether the probate exception applies even after the estate is closed. The electronic docket for the Wisconsin circuit courts shows that probate proceedings were opened in Oneida County, Wisconsin, but the record is sealed and no information is provided regarding the status of the

---

[2] Although the caption of LaBreck's complaint lists Jennifer and Thomas Ayers as defendants, he makes clear in the body of his complaint that he means to sue their estates, which are citizens of Wisconsin. *Hunter v. Amin*, 583 F.3d 486, 491–92 (7th Cir. 2009) ("[T]he federal diversity statute treats the legal representative of a decedent's estate . . . as a citizen of the same state as the decedent.") (internal quotations omitted).

proceedings. *In the Matter of Thomas Ayers*, 2015PR55 (Oneida Cir. Ct.), *available at* https://wcca.wicourts.gov.

Even if I assume that the probate proceedings are finished and the probate exception does not apply, LaBreck's claim would fail for other reasons. Under Wisconsin law, any claims against an estate must be brought within a year of the decedent's death, even if the creditor did not receive timely notice. Wis. Stat. § 859.48(2). Because LaBreck says that both Jennifer and Thomas Ayers died in 2015, any claim against the estate is untimely.

Any claim against Nationstar is barred as well. I understand LaBreck to be alleging that Nationstar took the title to the property at issue and he wants to assert his rights to the property against Nationstar. But even assuming the statute of frauds would not bar LaBreck's claim (LaBreck does not say whether he had a written agreement with the decedents), his claim would fail because he does not allege that he ever recorded his interest in the property. "Under Wisconsin law, unrecorded real estate conveyances are not valid against third parties." *In re Segebrecht*, 536 B.R. 810, 814 (Bankr. E.D. Wis. 2015) (citing Wis. Stat. § 706.08(1)(a)).

The bottom line is that the court must dismiss LaBreck's complaint for lack of subject matter jurisdiction. And even if there weren't any jurisdictional defects, the court would dismiss the complaint for failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that plaintiff Peter Joshua LaBreck's complaint is DISMISSED for lack of jurisdiction. The clerk of court is directed to enter judgment accordingly and close this case.

Entered February 9, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge